## W. M. Davis *v.* Davis, Trabue & Co.

**Homestead—Land Subject to.**

The homestead exemption law applies to land upon which the debtor lives and owns at the time of rendition of judgment, if he is a bona fide householder with a family.

**Homestead—Sale by Husband and Wife.**

A husband and wife may sell and convey the homestead, since it being exempt the husband's creditors can not be injured by such action.

APPEAL FROM ADAIR CIRCUIT COURT.

February 20, 1873.

OPINION BY JUDGE PRYOR:

The provisions of the act to exempt homesteads from sale for debt are intended for the benefit of the debtor and his family and can only be sold to foreclose a mortgage or for the purchase money due therefor.

Nor can it be mortgaged, released, or the exemption waived unless it be in writing, signed by the defendant and his wife and recorded. It is also provided that before a sale can be made of same under execution, attachment or judgment of a court, the officer or the court shall cause so much of the land as is of the value of one thousand dollars to be set apart, etc.

This exemption applies to land upon which the debtor lives and owns at the time of the judgment, if he is a bona fide housekeeper with a family, unless he has voluntarily abandoned it and lives elsewhere. Any sale of this homestead exemption except as provided by the act is void and passes no title to the purchaser. It was therefore proper for the court, upon proof made, although judgment had been rendered to deduct so much of the land as Davis lived upon and owned as was of the value of one thousand dollars and levied on by the attachment, to be set apart to him. The evidence shows that he owned one-half of the land in controversy; that he lived upon it and was a housekeeper with a family. His sale of it after the judgment does not make it liable for appellee's debt. He had the right to sell it in conjunction with his wife, and the creditors were not thereby injured, as it was not subject to the payment of their debts.

The appellee in his brief insists upon reversing the judgment against John Davis, when he was neither a party to the original or cross-appeal, and it is doubtful whether he can prosecute a cross-appeal, as John Davis has no appeal in this court.

The judgment must be reversed as to William Davis with leave to the parties to amend their pleadings. The purchaser, Rose, should be made a defendant in order that the rights of all the parties may be finally determined, as it would be improper to assign any part of this land as a homestead to the appellant if he has sold to Rose. The evidence is only in parol as to the sale and not alto-

gether satisfactory. The parties may introduce additional testimony upon the question as to whether there was in fact a sale, or the appellant voluntarily abandoned the premises with the intention of living somewhere else.

*Winfrey & Winfrey, for appellant.*

*H. G. Garnett, for appellee.*